IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATIE HESS,<br><br>                    Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, POLICE CHIEF JAMES D. WINDER, KEVIN S. BARRETT, UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, Also known as or functioning as: SALT LAKE COUNTY SHERIFF, and JOHN DOES 1 THROUGH 15,<br><br>                    Defendants. | **REPORT AND RECOMMENDATION TO DENY MOTION TO AMEND COMPLAINT (ECF NO. 73)**<br><br>Case No. 2:13-cv-00687-DB-EJF<br><br>Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Katie Hess moves the Court for leave to file an amended complaint, seeking to substitute Sergeant Randall Thomas[1] for one of the John Doe Defendants named in her original Complaint and remove Salt Lake County and Salt Lake County Sheriff as Defendants. (Pl.'s Mot. to File Am. Compl. & Mem. of Law in Supp. ("Mot.") 2, ECF No. 73.) Having carefully considered the parties' briefing, the undersigned RECOMMENDS the Court DENY Ms. Hess's Motion to Amend for failure to meet the Federal Rules of Civil Procedure 16(b) and 15(a).

## FACTUAL AND PROCEDURAL HISTORY

On July 25, 2013, Ms. Hess filed a Complaint against Salt Lake County, Police Chief James D. Winder, Officer Kevin S. Barrett, the Unified Police Department of Greater Salt Lake,

---

[1] Ms. Hess actually moves to add "Thomas Randall." (Pl.'s Mot. to File Am. Compl. & Mem. of Law in Supp. 2, ECF No. 73.) However, defense counsel attached the Deposition of Randall Thomas, the person to whom the Motion obviously relates. (*See* Defs.' Mem. in Opp'n to Pl.'s Mot. to Amend ("Opp'n") 2 n.1, ECF No. 76 (identifying Ms. Hess's error).) Thus, the Court refers to the party Ms. Hess seeks to add as Sergeant Randall Thomas. (*See* Randall Thomas Dep., June 10, 2015, Ex. 7, ECF No. 76-7.)

also known as or functioning as:  Salt Lake County Sheriff, and John Does 1-15.  (Compl. ¶¶ 6-12, ECF No. 1.)  Ms. Hess alleges multiple violations of her civil rights under 42 U.S.C. § 1983 stemming from police canine bites from a dog named Vortex that she suffered on May 18, 2012. (Compl. ¶¶ 16, 45-58, 68-70.)  On February 20, 2014, the Court issued a scheduling order that included a deadline to amend pleadings and add parties by July 14, 2014.  (ECF No. 24.) Following a scheduling conference on March 11, 2015, the Court issued an order extending the deadline to amend pleadings to April 10, 2015.  (ECF No. 60.)  On June 17, 2015, Ms. Hess filed a motion to amend the scheduling order but did not request an extension of the April 10, 2015 deadline to amend pleadings.  (ECF No. 64.)  The Court granted Ms. Hess's motion to amend the scheduling order on June 22, 2015.  (ECF No. 70.)  The amended scheduling order set fact discovery to close on September 11, 2015.  (*Id.*)  On September 30, 2015, Ms. Hess filed the instant Motion to Amend her Complaint.  (ECF No. 73.)  Defendants Salt Lake County, James Winder, Kevin Barrett, and the Unified Police Department of Greater Salt Lake filed an Opposition to Ms. Hess's Motion to Amend on October 14, 2015.  (ECF No. 76.)

Ms. Hess claims she learned that Sergeant Thomas supervised Officer Barrett and crafted the canine policies in June 2015 when deposing Sergeant Thomas and Brent Atkinson.  (Mot. 4, ECF No. 73.)  However, on November 13, 2014, Officer Barrett's deposition disclosed information regarding Sergeant Thomas's role as the canine and UPD officers' supervisor. (Barrett Dep., Nov. 13, 2014, 11:12-11:20, ECF No. 76-3.)  In response to a question regarding the person in charge of the canine policies, Officer Barrett responded by identifying Sergeant Thomas as the person who rewrote the policies at issue.  (*Id.*)  In response to a question regarding the person in charge of monitoring UPD officer training, Officer Barrett stated Sergeant Thomas supervised him.  (*Id.* 12:19-12:23.)  Moreover, that same day during Sheriff

Winder's deposition, Ms. Hess's counsel acknowledged he had read Sergeant Thomas's reports on the Vortex.  (Winder Dep., Nov. 13, 2014, 38:4-38:6, ECF No. 76-4.)

## DISCUSSION

Parties seeking leave to amend pleadings after the expiration of a scheduling order deadline "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

## I.     Ms. Hess Has Not Shown Good Cause to Amend Her Complaint.

Ms. Hess must satisfy the threshold "good cause" requirement of Rule 16(b)(4) before the Court considers whether to grant a motion to amend filed after the deadline has passed. *Gorsuch*, 771 F.3d at 1240-41.  While the parties frame their arguments solely around Rule 15, the Tenth Circuit has held that a party seeking to amend pleadings after the deadline has passed must satisfy both the requirements of Rule 15 and 16.  *Id.*  Rule 16(b)(4) states "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Tenth Circuit interprets Rule 16 to require a showing that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts."  *Gorsuch*, 771 F.3d at 1240 (alteration in original) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).  For example, a movant can satisfy Rule 16's good cause requirement if she "learns new information through discovery or if the underlying law has changed."  *Id.*  On the contrary, where the movant fails to conduct the research necessary to discover a claim or defense, courts have declined to find good cause.  *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (defendants' failure "to do the research necessary to recognize the applicability of the defense they [sought] to add" precluded a finding of good cause for amending their answer).

Here, the record does not support Ms. Hess's claim that she learned any new information relevant to her case from deposing Sergeant Thomas that she did not know or should not have known before.  The November 13, 2014 depositions of Officer Barrett and Sheriff Winder make clear that Sergeant Thomas oversaw the canine policies and acted as both the canine and Officer Barrett's supervisor.  Ms. Hess's counsel even knew about Sergeant Thomas's report on the dog-biting incident at issue.  (Winder Dep. 38:4-38:6, ECF No. 76-4.)  Thus, had Ms. Hess examined Officer Barrett and Sheriff Winder's deposition transcripts more carefully, she would have discovered Sergeant Thomas's role in this case and could easily have filed her Motion to Amend before the April 10, 2015 deadline.  The Court can hypothesize that Ms. Hess delayed amending the Complaint until after deposing Sergeant Thomas.  But then Ms. Hess should have sought to extend the Motion to Amend deadline when seeking to extend the discovery deadline.  Ms. Hess's lack of diligence in examining the record prior to the Motion to Amend deadline or seeking to extend the Motion to Amend deadline precludes a finding of good cause under Rule 16(b)(4).  "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *See Colo. Visionary*, 194 F.R.D. at 687 (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997)).

II.     **Ms. Hess's Failure to Amend Her Complaint Upon Discovering Sergeant Thomas's Identity Constitutes Undue Delay that Precludes Satisfaction of the Rule 15(a) Standard.**

Even if Ms. Hess had satisfied the Rule 16(b)(4) good cause standard, she would nonetheless need to meet the Rule 15(a) standard.  *Gorsuch*, 771 F.3d at 1240.  Rule 15(a) provides that courts should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A party opposing leave to amend must show "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

4

previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  In determining whether the movant unduly delayed in filing its motion to amend, courts primarily look to whether the movant has an adequate explanation for the delay.  *Id.* at 1365-66.  For example, courts have denied motions to amend where the movant "was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).  Arguably, Ms. Hess's Motion to Amend really falls into a subcategory of motions to amend that move to add parties.  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (acknowledging substitution of a named defendant for a "John Doe" constitutes a motion to add a party). Nonetheless, the rules governing a motion to amend apply with equal force to a motion to add a party. *Frank*, 3 F.3d at 1365.

The evidence in this case indicates that Ms. Hess and her counsel knew or should have known of Sergeant Thomas and his supervisory role as early as November 13, 2014.  Thus, Ms. Hess could have amended her Complaint long before the April 10, 2015 deadline.  Despite admittedly having knowledge of Sergeant Thomas's supervisory role in this matter no later than June 2015, Ms. Hess did not file her Motion to Amend until September 30, 2015.  (ECF No. 73.) Ms. Hess offers no justification for this delay.  (*Id.*)  Therefore, Ms. Hess has not provided an "adequate explanation" for her delay in filing the Motion to Amend.  *See Frank*, 3 F.3d at 1365 (upholding district court's denying leave to amend where plaintiffs moved to amend four months after the deadline for amending pleadings because plaintiffs knew or should have known long before the deadline passed of the role played by the party they wanted to add).

**III.     Allowing Ms. Hess to File an Amended Complaint Would Unduly Prejudice Sergeant Thomas.**

Allowing Ms. Hess to file an amended complaint after the close of fact discovery would unduly prejudice Sergeant Thomas.  Courts typically find undue prejudice where the amendment would unfairly affect the defendants in terms of preparing their defense to the amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).  Because fact discovery has already closed, Sergeant Thomas would not have the opportunity to pursue his defense in the ordinary course of a lawsuit.  Allowing Ms. Hess to add new claims against Sergeant Thomas would delay the progress of the case.  The Court has already set a trial date for October 2016. (ECF No. 89.)  *See Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000) (denying leave to amend complaint to add three new defendants because the addition "would require the opposing parties to expend additional time and resources and substantially delay the progress of the action").

Thus, Sergeant Thomas would have to obtain counsel, allow counsel to get up to speed on the case, seek leave to extend the discovery deadline, seek leave to re-depose key witnesses if questions relevant to his case were not posed, and conduct any additional discovery he needed. To minimize the damage to the other Defendants from delay, the Court would most likely require Sergeant Thomas proceed in a significantly expedited manner.  Had Ms. Hess moved to amend to add Sergeant Thomas any time between November 2014 and April 2015, she would have significantly ameliorated these harms.  In sum, Ms. Hess has failed to meet the Rule 15(a) standard for leave to amend because of her undue delay in filing her Motion to Amend and the undue prejudice Sergeant Thomas and the existing Defendants would incur if the Court allowed her to add Sergeant Thomas as a party to this case.

IV.     **Dismissal of Salt Lake County and Salt Lake County Sheriff.**

As part of the proposed amendment, Ms. Hess also sought to remove Salt Lake County and Salt Lake County Sheriff as Defendants.  (Mot. 2, ECF No. 73.)  The Defendants do not object to this change.  (Opp'n 3 n.2, ECF No. 76.)  Therefore, the undersigned RECOMMENDS dismissal of Salt Lake County and Salt Lake County Sheriff.

### RECOMMENDATION

Not only did Ms. Hess unduly delay filing her Motion to Amend more than five months after the deadline for filing amended pleadings had passed, but granting her Motion would also unduly prejudice Sergeant Thomas and the other Defendants.  Moreover, Ms. Hess has failed to establish good cause for the delay in filing her Motion.  Therefore, the undersigned RECOMMENDS the Court deny Ms. Hess's Motion to Amend.  The undersigned further RECOMMENDS dismissing Salt Lake County and Salt Lake County Sheriff.

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this __1st___ day of April, 2016.


BY THE COURT:


EVELYN J. FURSE
United States Magistrate Judge